**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4630**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KAREEM MALCOLM L. BOLDEN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:06-cr-00428-TSE)

Submitted:  November 24, 2008    Decided:  December 29, 2008

Before TRAXLER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew A. Wartel, LAW OFFICES OF MATTHEW A. WARTEL, PLLC, Alexandria, Virginia, for Appellant.  Chuck Rosenberg, United States Attorney, David Goodhand, Assistant United States Attorney, Jeffrey Shih, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kareem Malcolm L. Bolden appeals his conviction, following a jury trial, on one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and one count of conspiracy to import more than five kilograms of cocaine into United States territory, in violation of 21 U.S.C. §§ 952(a), 963 (2006).[1] Bolden was convicted upon retrial after the jury at his first trial was unable to reach a unanimous verdict.

On appeal, Bolden raises two related issues. Bolden first asserts the district court erred in denying his Fed. R. Crim. P. 29 motion at the close of his first trial, in which he argued the Government presented insufficient evidence to establish the Eastern District of Virginia was an appropriate venue for the trial. Because of this purported error, Bolden next maintains that, prior to his second trial, the district court erred in denying his motion for dismissal based on double jeopardy. For the reasons set forth below, we reject both contentions and affirm Bolden's convictions.

---

[1] Bolden was sentenced to 121 months' imprisonment, and does not challenge his sentence on appeal.

2

## I.  Venue

The right to trial where the criminal act occurred is rooted in the Sixth Amendment and Article III of the Constitution. "The Supreme Court has cautioned that the question of venue in a criminal case is more than a matter of formal legal procedure; rather, it raises deep issues of public policy in the light of which legislation must be construed." United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005) (internal quotation marks and citation omitted).

The venue statute generally applicable to criminal cases provides that "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (2006). "Where venue requirements are met, the prosecution may proceed in that district, notwithstanding the possibility that the gravamen of the wrongdoing took place elsewhere." United States v. Smith, 452 F.3d 323, 334 (4th Cir. 2006).

In a conspiracy case, the Supreme Court has long held that venue is proper in any district in which any conspirator performs an overt act in furtherance of the conspiracy or performs acts that effectuate the object of the conspiracy, even

3

though there is no evidence the particular defendant ever entered that district or that the conspiracy was formed there. Whitfield v. United States, 543 U.S. 209, 218 (2005) (holding venue for money laundering conspiracy prosecution proper in "any district in which an overt act in furtherance of the conspiracy was committed"); Hyde v. United States, 225 U.S. 347, 356-67 (1912). This court has recognized that "in a conspiracy charge, venue is proper for all defendants wherever the agreement was made or wherever any overt act in furtherance of the conspiracy transpires." United States v. Bowens, 224 F.3d 302, 311 n.4 (4th Cir. 2000). Moreover, we have held that the acts of one member of a conspiracy can be attributed to all other co-conspirators for venue purposes, rejecting assertions of "manufactured venue" and "venue entrapment." United States v. Al-Talib, 55 F.3d 923, 928-29 (4th Cir. 1995).

We review de novo the district court's decision to deny a Rule 29 motion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006); United States v. Ringer, 300 F.3d 788, 790 (7th Cir. 2002) (reviewing de novo the denial of a motion for judgment of acquittal based on improper venue). The Government must establish venue by a preponderance of the evidence, and venue must be proper for each separate count of the indictment. Ebersole, 411 F.3d at 524. In determining whether the Government has established venue, the evidence must be viewed in

4

the light most favorable to the Government. United States v. Burns, 990 F.2d 1426, 1437 (4th Cir. 1993).

Our review of the record convinces us the Government's evidence was sufficient to establish venue in the Eastern District of Virginia. According to the testimony of cooperating witness Robert Wilson, Bolden served as a drug courier for George Day, who, along with Darren Black, Wilson, and others, distributed narcotics in and around cities located within the jurisdiction of the Eastern District of Virginia. Specifically, Wilson testified that, in late 1997, the beginning of the period covered in the indictment, he sold cocaine in Alexandria, Arlington, and Petersburg, Virginia.[2] Moreover, Wilson testified that he flew from Reagan National Airport, located in Arlington, to the Bahamas in order to purchase cocaine for distribution.

Although Bolden is correct in asserting the Government did not present any evidence to demonstrate he personally committed any acts in furtherance of the conspiracy in the Eastern District of Virginia, this is not relevant to the question of venue. As this court has noted, for some offenses, there may be "more than one appropriate venue, or even a venue in which the defendant has never set foot." Ebersole, 411 F.3d

---

[2] The district court took judicial notice of the boundaries of the Eastern District of Virginia.

at 524 (internal quotation marks and citation omitted).  The law permits using a conspirator's acts within a district to support venue in that district for the trial of any co-conspirators. Such is the case here.  Wilson's testimony regarding his, Day's, and Black's actions within the Eastern District of Virginia in furtherance of the conspiracy was more than sufficient to demonstrate venue was appropriate on both charges.  Accordingly, we conclude the district court properly rejected Bolden's challenge to venue and thus properly denied his Rule 29 motion.


## II.  Double Jeopardy

Central to Bolden's double jeopardy claim is his contention that the district court erred in denying his Rule 29 motion.  Only if the district court erred in denying the Rule 29 motion would Bolden's second trial arguably be violative of the Double Jeopardy Clause.

For the reasons discussed above, we conclude the district court did not err in denying the Rule 29 motion.  After the denial of the Rule 29 motion, the first trial was declared a mistrial because the jury could not reach a unanimous verdict. Electing to retry Bolden following the mistrial simply did not run afoul of the Double Jeopardy Clause.  The Supreme Court recognized as much in Richardson v. United States, 468 U.S. 317, 325-26 (1984), when it held that termination of a first trial

because of a hung jury did not preclude a subsequent prosecution. The Supreme Court explained that, "[r]egardless of the sufficiency of the evidence" at the defendant's first trial, if a mistrial is declared because the jury is unable to reach a verdict, the defendant "has no valid double jeopardy claim to prevent his retrial." Richardson, 468 U.S. at 326; see also United States v. Goodine, 400 F.3d 202, 206 (4th Cir. 2005) ("[I]t is well-settled that the Double Jeopardy Clause does not preclude a retrial of a criminal charge that has resulted in a hung jury."). Accordingly, we find the district court properly rejected Bolden's double jeopardy claim.

For the foregoing reasons, we affirm the district court's judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED